**Asya FURMAN and Josif Furman, and Ariela Furman, a Minor By and Through Her Parents and Natural Guardians, Asya and Josif Furman, Appellants,**

v.

**Oscar SHAPIRO and Nettie Shapiro, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 6, 1998.

Filed Dec. 4, 1998.

* *Retired Justice assigned to Superior Court.*

1. This appeal originally involved two Appellants, Asya Furman and her daughter, Ariela Furman.

Leonidas N. Koletas, Philadelphia, for appellants.

Bernard J. McLafferty, Jr., Philadelphia, for appellees.

Before McEWEN, President Judge, LALLY–GREEN, and MONTEMURO *, JJ.

LALLY–GREEN, J.:

Appellant,[1] Asya Furman, sustained injuries when her car collided with a vehicle occupied by Appellees, Nettie and Oscar Shapiro, on April 22, 1991. Appellant was insured at the time of the accident under a State Farm insurance policy under which she had elected the limited tort option.

Appellant filed suit against Appellees. Appellees filed a motion for summary judgment. They argued that Appellant could not recover damages because she had elected the lim-

All claims concerning Ariela Furman were withdrawn during oral argument, as confirmed in a writing dated October 8, 1998.

ited tort option and did not sustain serious bodily injury. The trial court, relying upon *Dodson v. Elvey*, 445 Pa.Super. 479, 665 A.2d 1223 (Pa.Super.1995) (*en banc*), granted summary judgment and dismissed the claim. This appeal followed.

Appellant raises one issue:[2] "Does a genuine issue of material fact exist regarding [Appellant's] injuries meeting the definition of serious impairment of a bodily function?" Appellant's Brief at 3.

Our scope of review of a trial court's order granting summary judgment is to determine, by viewing the record in the light most favorable to the non-moving party, whether the moving party has established that no genuine issue of material fact exists. *Roman Mosaic & Tile Co. v. Aetna Cas. & Sur. Co.*, 704 A.2d 665, 668 (Pa.Super.1997). The non-moving party is entitled to all reasonable inferences. *Id.* Any doubts as to the existence of a factual dispute must be resolved in the non-moving party's favor and summary judgment is appropriate only in the clearest of cases. *Id.* Our scope of review in this matter is plenary. *Washington v. Baxter*, —— Pa. ——, 719 A.2d 733, 737 (1998).

Insurance companies may offer motorists a "limited tort option" under 75 Pa.C.S.A. § 1705. *See generally* Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S.A. §§ 1701–1799.7. If the motorist selects this option, he or she surrenders the right to sue for non-economic damages, such as pain and suffering, which were sustained in a motor vehicle accident unless the claimant suffers a serious injury. *Id.*

Until recently, *Dodson* controlled the procedural approach for determining whether a limited tort plaintiff suffered serious bodily injury for purposes of claiming non-economic damages. In *Dodson*, we held that the trial court was to make a threshold determination concerning the seriousness of a limited tort elector's injuries. *Dodson*, 665 A.2d at 1231.

The *Dodson* approach was rejected in *Washington* where our Supreme Court held that the traditional standard for determining whether summary judgment applied was to be used in the limited tort option cases. *Washington*, 719 A.2d at 740. The *Washington* Court ruled that the determination of whether serious injury exists should be made by the jury in all but the clearest of cases. *Id.* at 740. In other words, unless reasonable minds can not differ as to whether the plaintiff sustained a serious injury, summary judgment is not appropriate. *Id.* at 740.

"Serious injury" under the MVFRL is defined as a "personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S.A. § 1702. The *Washington* Court acknowledged that neither the law nor the legislative history assists us in defining what "serious impairment of a body function" means for purposes of "serious injury" under the MVFRL. *Washington*, 719 A.2d at 740. Accordingly, the Court expressly adopted the following:

> The "serious impairment of body function" threshold contains two inquiries:
>
> a) What body function, if any, was impaired, because of injuries sustained in a motor vehicle accident?
>
> b) Was the impairment of the body function serious?
>
> The focus of these inquiries is not on the injuries themselves, but on how the injuries affected a particular body function. Generally, medical testimony will be needed to establish the existence, extent, and permanency of the impairment.... In determining whether the impairment was serious, several factors should be considered: the extent of the impairment, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factors. An impairment need not be permanent to be serious.[3]

---

**2.** Appellant raised two other issues in her brief: (1) "Should the [trial court] have retained jurisdiction of this matter pending final Supreme Court rulings in the cases of *Donnelly v. Bauer* and *Dodson v. Elvey*?" and (2) "Does a genuine issue of material fact exist regarding [Appel-

lant's] limited tort status?" Appellants' Brief at 3. Appellant withdrew these issues during oral argument, as confirmed in a letter of October 8, 1998.

**3.** We do note that the *Dodson* court did adopt this standard on what constitutes a "serious im-

*Id.* at 740 (quoting *DiFranco v. Pickard,* 427 Mich. 32, 39–40, 398 N.W.2d 896, 900 (1986)).

■ The record reflects that Appellant is a "limited tort" plaintiff who claims the injury to her lower back impairs her ability to perform several tasks. Viewed in the light most favorable to Appellant, the record reveals that, following the accident, Appellant was diagnosed with several back conditions which included a bulging disc, a condition confirmed by an MRI test. Appellant's back problems prevent her from: walking more than one block at a time because of pain which radiates into her left leg; lifting heavy objects; and bathing her daughter. While Appellant drives, performs household chores and continues to work as a manicurist, she has reduced her work status from full-time to part-time because of her inability to remain in one position for an extended period of time. The doctor described the condition as permanent. Also, Appellant's back problems persisted at the time of her deposition, September 20, 1994, a date over three years past the day of the accident. The steps taken to treat the back condition included physical therapy, which was discontinued after her final visit to the doctor on April 6, 1992, as well as at home exercises. In light of the above and following the traditional standard for the grant of summary judgment, we conclude that reasonable minds could differ as to whether Appellant suffered a "serious injury" for purposes of 75 Pa.C.S.A. § 1702.

Accordingly, we reverse and remand this case for trial.

Order reversed. Remanded. Jurisdiction relinquished.

McEWEN, President Judge, dissents.

**J.K., Petitioner,**