### Baldwin v. Brown

C.P. of Bradford County, no. 96CV000411.

*John Thompson,* for plaintiff.
*George E. Mehalchick,* for defendants.

MOTT, *J.,* May 28, 1999—This action was brought by the plaintiff, Marilee Baldwin, to recover for injuries that are alleged to have been sustained in an automobile accident that occurred on July 5, 1996, when the vehicle she was driving collided with a vehicle being driven by the Defendant, Timothy Brown. The co-defendant, Walter Watson, is the owner of the vehicle which Brown was driving. The plaintiff's insurance policy contained the limited tort option. The defendants have filed a motion for summary judgment that is before the court for disposition.

In their motion for summary judgment the defendants allege that the record and pleadings do not support a finding that the plaintiff suffered a serious injury as that term is defined by the Pennsylvania Motor Vehicle Financial

Responsibility Law, 75 Pa.C.S. §1701 et seq. Therefore, the defendants argue that the plaintiff is precluded from recovering the noneconomic damages she seeks in this lawsuit. After a careful examination of the arguments, briefs, and record in this matter, we find that the motion for summary judgment should be denied.

Pennsylvania Rule of Civil Procedure 1035.2 states that a party may move for summary judgment after the relevant pleadings are closed, if, after the completion of discovery relevant to the motions, the party who bears the burden of proof at trial has failed to produce evidence that would be sufficient to submit the case to a jury at trial.

Pennsylvania Rule of Civil Procedure 1035.3 complements Pa.R.C.P. 1035.2 by maintaining that the adverse party on the motion may not rest upon the mere allegations and denials in that party's pleadings. Rather, the adverse party has thirty days in which to identify issues of fact arising from the evidence in the record which controverts the evidence cited in support of the motion, or alternatively, identifies evidence in the record which establishes the facts necessary to support the cause of action.

In considering whether to grant summary judgment, this court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. *Merriweather v. Philadelphia Newspapers Inc.,* 453 Pa. Super. 464, 471, 684 A.2d 137, 140 (1996). Summary judgment can only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Id.*

The Pennsylvania Motor Vehicle Financial Responsibility Law provides in pertinent part that:

"Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law. *Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any non-economic loss.*" 75 Pa.C.S. §1705(d). (emphasis added)

Applying the summary judgment standard in this context, we note that it is the jury's role to determine whether a serious injury was sustained in all but the clearest of cases. *Washington v. Baxter,* 553 Pa. 434, 437, 719 A.2d 733, 740 (1998); *Furman v. Shapiro,* 721 A.2d 1125, 1126 (Pa. Super. 1998). Therefore, summary judgment is not appropriate if reasonable minds could differ as to whether a plaintiff sustained a serious injury.

The Pennsylvania Legislature defines serious injury as "A personal injury resulting in death, *serious impairment of body function,* or permanent serious disfigurement." 75 Pa.C.S. §1702. (emphasis added) As the plaintiff claims that her serious injury is manifested as a serious impairment of bodily function, it is within that area that we will confine our analysis.

The absence of a statutory definition for "serious impairment of body function" creates two inquiries for the court.

"(1) What body function, if any, was impaired because of injuries sustained in a motor vehicle accident?

"(2) Was the impairment of body function serious?" *Washington v. Baxter, supra,* 553 Pa. at 447, 719 A.2d at

740 (quoting *DiFranco v. Pickard,* 427 Mich. 32, 398 N.W.2d 896, 901 (1986)).

In determining whether the impairment of body function was serious, the courts in the Commonwealth should consider "the extent of the impairment, the particular body function impaired, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factors." *Id.* A plaintiff's subjective assessment of pain may constitute a serious impairment. *Dodson v. Elvey,* 445 Pa. Super. 479, 501, 665 A.2d 1223, 1235 (1995). However, serious injury does not exist in instances where there is no serious interference with a plaintiff's daily life. *Id.*

In order to determine whether reasonable minds could differ as to whether the plaintiff's alleged injuries amount to serious injury, it is instructive to review the nature of the injuries sustained by the plaintiffs in the cases cited above. In *Washington v. Baxter, supra,* the court noted that the evidence, when viewed in the light most favorable to the plaintiff, revealed:

"[T]hat [the plaintiff] was immediately treated [after the accident] in a hospital emergency room, where his injuries were diagnosed as consisting of contusions, sprains, and strains; he was discharged from the emergency room within a few hours. He missed four or five days of work at his full-time job, and missed approximately four of his weekly shifts at his part-time job. Approximately six months after the accident, one of [the plaintiff's] physicians stated that there appeared to be some type of joint arthritis or coalition in the right foot, and that [the plaintiff] might need to utilize orthotic heel lifts; his physician also injected one shot of cortisone.

Finally, at his deposition approximately one year after the accident, [the plaintiff] indicated that although his foot caused him pain approximately every other week, he was still able to perform his work duties and, aside from having to utilize a riding [lawn] mower, he was able to engage in his normal daily activities." *Id.,* 553 Pa. at 439, 719 A.2d at 740-41.

The court held that no reasonable mind could differ on the conclusion that the above described injuries were not a serious injury and that, in fact, they were clearly de minimis. *Id.*

The nature of the injuries sustained by the plaintiff in *Furman v. Shapiro, supra,* and the effect therefrom, were described as follows:

"[The plaintiff] was diagnosed with several back conditions which included a bulging disc, a condition confirmed by an MRI test. [The plaintiff's] back problems prevent her from: walking more than one block at a time because of pain which radiates into her left leg; lifting heavy objects, and bathing her daughter. While [the plaintiff] drives, performs household chores and continues to work as a manicurist, she has reduced her work status from full-time to part-time because of her inability to remain in one position for an extended period of time. The doctor described the condition as permanent. Also, [the plaintiff's] back problems persisted at the time of her deposition, September 20, 1994, a date over three years past the day of the accident. The steps taken to treat the back condition included physical therapy, which was discontinued after her final visit to the doctor on April 6, 1992, as well as at home exercises." *Id.* at 1127.

Based on the injuries described above, the court held that reasonable minds could differ as to whether a serious injury was sustained. *Id.* As such, the Superior Court reversed the trial court's earlier grant of the defendant's motion for summary judgment.

We find that when the record here is viewed in the light most favorable to the plaintiff, the effect of the alleged injuries resulting from the auto accident are analogous to those suffered by the plaintiff in *Furman v. Shapiro, supra.* The plaintiff here has been diagnosed with back injuries that cause pain which radiates from the neck down to the right arm. (Exhibits A, B, and C attached to the plaintiff's brief in opposition to summary judgment.) The plaintiff's treating physician has opined that this injury is due to the auto accident and is chronic in nature *(Id.)* It is not believed that the injury will respond well to medication *(Id.)* The plaintiff maintains that lifting restrictions imposed as a result of her injury have forced her to leave her previous employment and take a more sedentary office position. (Deposition of Marilee Baldwin, N.T., 9/15/98, pp. 14-16.) Her current office employment pays less than her pre-accident employment. *(Id.,* pp. 22-23.) Moreover, the plaintiff has stated that as a result of her injuries, she can no longer go horseback riding, she has trouble sleeping, she is unable to do household cleaning, she cannot engage in chores on the family farm, she can no longer go sleigh riding with her children and she is not able to engage in any sort of repetitive motion. *(Id.,* pp. 78-80.) In addition, her deposition was taken at a time more than two years after the accident and the plaintiff claimed that she continued to take medication and that she was still in constant pain. *(Id.,* pp. 68-69, 81.)

Based on the preceding, we find that there is sufficient evidence in the record for a reasonable mind to conclude that the plaintiff suffered a serious injury as a result of her automobile accident.

Accordingly, we enter the following:

## ORDER

And now, May 28, 1999, in accord with the memorandum opinion filed this date, the defendants' motion for summary judgment is denied.