**Edward Charles HELLINGS and Lisa Hellings, Appellant,**

v.

**Susan K. BOWMAN, Appellee.**

Superior Court of Pennsylvania.

Argued Aug. 31, 1999.
Filed Dec. 29, 1999.

Michael Vaporis, Indiana, for appellants.

Dwayne E. Ross, Latrobe, for appellee.

Before CAVANAUGH, DEL SOLE and MONTEMURO *, JJ.

DEL SOLE, J.:

¶ 1 Appellants filed a cause of action against Appellee after Appellant Husband ("Appellant") sustained an injury in an automobile accident. At the time of the accident, Appellant was insured under a policy in which a limited tort option applied. Following the close of discovery, Appellee moved for partial summary judgment. Argument was held and, on July 13, 1998, the trial court granted partial summary judgment in favor of Appellee on Appellant's claim for non-economic damages. The trial court, relying upon *Dodson v. Elvey*, 445 Pa.Super. 479, 665 A.2d 1223 (1995), found Appellant had not suffered a serious bodily injury. Appellant subsequently filed a Praecipe to Discontinue the remaining portion of his claim involving economic damages. Accordingly, on September 4, 1998, final judgment was entered. This appeal followed. We reverse and remand.

¶ 2 The sole issue before us is whether a genuine issue of material fact exists on the issue of whether Appellant's injuries constitute a serious impairment of a bodily function; thus rendering the grant of summary judgment on this issue improper.

* Retired Justice assigned to the Superior Court.

¶ 3 In reviewing a grant of summary judgment, our scope of review is plenary. *Albright v. Abington Memorial Hosp.*, 548 Pa. 268, 696 A.2d 1159, 1165 (1997). We will view the record in the light most favorable to the non-moving party and resolve all doubts as to the presence of a genuine issue of material fact against the moving party. *Id.*

¶ 4 A panel of this Court recently addressed the relevant developments in this area of the law:

Insurance companies may offer motorists a "limited tort option" under 75 Pa.C.S.A. § 1705. *See generally* Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S.A. §§ 1701–1799.7. If the motorist selects this option, he or she surrenders the right to sue for non-economic damages, such as pain and suffering, which were sustained in a motor vehicle accident unless the claimant suffers a serious injury. *Id.*

Until recently, *Dodson* controlled the procedural approach for determining whether a limited tort plaintiff suffered serious bodily injury for purposes of claiming non-economic damages. In *Dodson*, we held that the trial court was to make a threshold determination concerning the seriousness of a limited tort elector's injuries.

The *Dodson* approach was rejected in *Washington* where our Supreme Court held that the traditional standard for determining whether summary judgment applied was to be used in the limited tort option cases. The *Washington* Court ruled that the determination of whether serious injury exists should be made by the jury in all but the clearest of cases. In other words, unless reasonable minds can not differ as to whether the plaintiff sustained a serious injury, summary judgment is not appropriate.

"Serious injury" under the MVFRL is defined as a "personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S.A. § 1702. The *Washington* Court acknowledged that neither the law nor the legislative history assists us in defining what "serious impairment of a body function" means for purposes of "serious injury" under the MVFRL. Accordingly, the Court expressly adopted the following:

"The 'serious impairment of body function' threshold contains two inquiries: What body function, if any, was impaired, because of injuries sustained in a motor vehicle accident?

Was the impairment of the body function serious?

The focus of these inquiries is not on the injuries themselves, but on how the injuries affected a particular body function. Generally, medical testimony will be needed to establish the existence, extent, and permanency of the impairment. In determining whether the impairment was serious, several factors should be considered: the extent of the impairment, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factors. An impairment need not be permanent to be serious."

*Furman v. Shapiro*, 721 A.2d 1125 (Pa.Super.1998)(quoting *Washington v. Baxter*, 553 Pa. 434, 719 A.2d 733, 740 (1998))(citing *Washington passim* ).

■ ¶ 5 In the instant case, Appellant sustained injuries to his neck and back as a result of the accident. He missed six weeks of work. He was treated by a chiropractor for approximately three months following the accident. Subsequently, he was admitted to a hospital emergency room with severe low back pain and bilateral leg pain. He underwent an MRI which revealed a herniated disc, degenerative disc disease and facet arthrosis. He consulted with a neurosurgeon, who diagnosed him as suffering from lumbar radiculopathy, secondary to the herniated disc. He followed a prescribed course of physical therapy and his pain was improved.

¶ 6 Despite his improvement, Appellant continues to suffer numbness in the back of his right knee, sharp pains in his left hip, muscle spasms in his back, hand cramping, frequent headaches and neck discomfort. He continues to treat with his family physician who prescribes muscle relaxers and other medication.

¶ 7 Appellant can no longer ride in his wife's car without pain; he sold his snowmobile because he could no longer ride it. Appellant, who lives on a farm, has greatly limited his hunting and horseback-riding as a result of his injuries. He has also stopped snow and water-skiing. Finally, his physical interaction with his children has been limited.

¶ 8 In light of the above facts, viewed in the light most favorable to Appellant, we conclude that reasonable minds could differ as to whether Appellant suffered a "serious injury" for purposes of 75 Pa. C.S.A. § 1702. Accordingly, we reverse the trial court's grant of summary judgment on this issue and remand this case for trial.

■ ¶ 9 Also, we note that Appellee has renewed her motion to quash this appeal as untimely filed. On July 28, 1998, the trial court amended its July 13, 1998 order to include certification for interlocutory review pursuant to the requirements of 42 Pa.C.S.A. § 702(b). Appellee suggests that this appeal should have been filed within 30 days of that certification. We disagree.

¶ 10 A § 702(b) certification does not create an appealable order in the manner that Pa.R.A.P. 341(c) does. Rather, a § 702(b) certification permits a party to petition the appellate court for discretionary review. The final appealable event in this matter occurred on September 4, 1998

and the notice of appeal filed following that event was timely.

¶ 11 Order reversed and remanded. Motion to quash denied. Jurisdiction relinquished.

¶ 12 Judge CAVANAUGH notes his dissent.