J-A33027-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| TOMMY HUYNH, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SHAYLA R. BLOUNT AND 21ST CENTURY | : | |
| INDEMNITY INSURANCE CO., | : | |
| | : | |
| Appellees | : | No. 772 EDA 2014 |

Appeal from the Order Entered February 11, 2014
in the Court of Common Pleas of Philadelphia County,
Civil Division, at No(s): 130203285

BEFORE:    LAZARUS, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED FEBRUARY 13, 2015**

Tommy Huynh appeals from the February 11, 2014 order which granted the motion for summary judgment filed by 21st Century Indemnity Insurance Co. (21st Century), and dismissed Huynh's complaint with prejudice.[1]  We affirm.

This case arises out of an automobile accident in which Huynh was rear-ended by Shayla R. Blount (Blount).  Huynh, who had opted for limited tort insurance coverage, sued Blount for the neck and back injuries he claimed to have suffered as a result of Blount's negligence.  He also sued 21st Century, his insurer, stating uninsured and underinsured claims. Following discovery, 21st Century moved for summary judgment, asserting

---

[1] The order dismissed the complaint in its entirety, disposing of all claims and all parties.

*Retired Senior Judge assigned to the Superior Court.

that Huynh could not recover because he did not suffer a serious injury. The trial court granted 21st Century's motion and dismissed Huynh's complaint.

Huynh timely filed a notice of appeal, and presents this Court with one question:[2] "Whether the trial court abused its discretion and otherwise committed an error of law when it improperly granted [21st Century's] motion for summary judgment when a genuine issue of material fact exists as to [Huynh's] injuries and extent of injuries?" Huynh's Brief at 6 (unnecessary capitalization omitted).

> Our standard of review on an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

---

[2] The trial court did not order Appellant to file a statement of errors complained of on appeal, and none was filed.

***Krauss v. Trane U.S. Inc.***, 104 A.3d 556, 563 (Pa. Super. 2014) (quoting

***Shepard v. Temple University***, 948 A.2d 852, 856 (Pa. Super. 2008)).

Following our review of the certified record, the parties' briefs, and the relevant law, we conclude that the opinion of the Honorable Mark I. Bernstein thoroughly and correctly addresses Huynh's argument. ***See*** Trial Court Opinion, 6/25/2014, at 2-5 (pages unnumbered) (applying ***Washington v. Baxter***, 719 A.2d 733 (Pa. 1998), and, examining the evidence in the light most favorable to Huynh, concluding that reasonable minds could not differ on the conclusion that Huynh did not suffer serious impairment to a bodily function, as he missed only three days of work, was able to return to his job as a hairdresser, and continues his recreational activities of lifting weights and playing soccer). ***See also id.*** at 5 n.35 (distinguishing ***Hellings v. Bowman***, 744 A.2d 274 (Pa. Super. 1999); ***Kelly v. Ziolko***, 734 A.2d 893 (Pa. Super. 1999); and ***Furman v. Shapiro***, 721 A.2d 1125 (Pa. Super. 1998)).

Accordingly, we adopt the trial court's opinion, filed on June 25, 2014, as our own, and affirm the disposition of Huynh's issue on the basis of that opinion. The parties shall attach a copy of the trial court's June 25, 2014 opinion to this memorandum in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 2/13/2015

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

CIVIL TRIAL DIVISION

TOMMY K. HUYNH                          :         FEBRUARY TERM, 2013

       Plaintiff,                   :

     v.                                 :         NO. 3285

SHAYLA R. BLOUNT,                       :
AND                                     :
21ST CENTURY INDEMNITY INSURANCE        :
CO.                                     :
      Defendants.                    :

## OPINION

On March 1, 2013 Plaintiff filed a complaint alleging that he was negligently injured as a result of defendant Blount's actions[1] and that as a result of the accident Plaintiff suffered serious, severe, and permanent bodily injuries.[2] Plaintiff also sued his insurance carrier, 21st Century Indemnity, asserting underinsured and uninsured motorist claims.[3] On November 27, 2013 Defendant 21st Century Indemnity Insurance Co. filed a Motion for Summary Judgment.[4] On February 10, 2014 that motion was granted and the case was dismissed with prejudice.[5] On February 24, 2014 Plaintiff filed a timely appeal.[6]

In a review of an order of summary judgment the facts must be viewed in the light most favorable to the non-moving party,[7] the plaintiff. The facts therefore are as follows. On July 14,

---

[1] Plaintiff's Complaint ¶9

[2] Plaintiff's Complaint ¶10

[3] The original caption listed Farmers Insurance Group as a defendant, however, on July 8, 2013 21st Century Indemnity Insurance Group was stipulated as a Defendant in place of Defendant Farmers Insurance Group. *See*, Stipulation to Amend Caption.

[4] Defendant 21st Century Indemnity Insurance Co.'s Motion for Summary Judgment.

[5] Order: Feb. 11, 2014

[6] Notice of Appeal: Feb. 24, 2014

[7] Washington v. Baxter, 553 Pa. 434, 441 (1998).

Huynh Vs Blount Etal-OPFLD



2012, the car Tommy K. Huynh, plaintiff, was driving was struck in the rear by defendant Shayla R. Blount.[8] Plaintiff's insurance coverage was a "limited tort" option and therefore did not cover non-monetary damages unless the injuries suffered fell within the definition of "serious injury."[9]

Plaintiff claimed to suffer neck and back pain as a result of the accident.[10] Plaintiff missed three days of work following the accident,[11] and thereafter could return to work at his job as a hair dresser. His testimony is that he feels pain after standing for an hour.[12] However, the injury has not interfered significantly with his recreation, as Plaintiff has continued playing "pick-up soccer" and "lifting weights" at home.[13] He only claims he has been "slowed down" and lifts "light weights" since the accident.[14]

Plaintiff did not seek medical treatment immediately following the accident of July 14. However, twelve days later, on July 26, 2012 he sought chiropractic treatment from Dr. Sean Pham.[15] Plaintiff's final visit with Dr. Sean Pham was five months later on January 3, 2013.[16] On January 18, 2013 he saw Dr. Bruce Levin, injections were recommended, but plaintiff refused. He has only taken over-the-counter anti-inflammatory medication.[17]

After January 18, 2013 Plaintiff ceased any medical care. On November 8, 2013, his attorney hired Dr. Geoffrey Temple, DO, for testimonial evaluation.[18] After evaluation Dr. Temple reported that Plaintiff has difficulty performing his "daily activities as a hairdresser" and

---

[8] Plaintiff's Complaint ¶¶ 5-8
[9] Tommy Huynh Pennsylvania coverage selection form Dec. 17, 2003; Policy renewal form, May 20, 2012
[10] Huynh Deposition at p. 11
[11] Huynh Deposition at p. 10
[12] Huynh Deposition at p. 55
[13] Huynh Deposition at pp. 39-41
[14] Id.
[15] Geoffrey Temple, Doctor of Osteopathy, Report: Nov. 10, 2013
[16] Geoffrey Temple, Doctor of Osteopathy, Report: Nov. 10, 2013
[17] Geoffrey Temple, Doctor of Osteopathy, Report: Nov. 10, 2013
[18] Geoffrey Temple, Doctor of Osteopathy, Report: Nov. 10, 2013

is "more vulnerable to subsequent trauma."[19] Dr. Temple concluded from this that plaintiff has a "significant impairment of bodily function." Nowhere in his report does Dr. Temple identify what "bodily function" was specifically significantly impaired.[20] Dr. Temple also says Plaintiff "may require additional treatment" such as MRI scans, chiropractic treatment, and re-evaluation by a pain management specialist.[21] No further treatment or diagnostic testing has occurred.

Pa.R.C.P. 1035.2 provides that summary judgment should be granted "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report." To withstand a motion for summary judgment the non-moving party "must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."[22]

Under 75 Pa.C.S.A. §1705 Pennsylvania allows motorists to choose between a "limited" and "full" tort option. Motorists who choose the "limited tort" option remain eligible to seek compensation for economic loss sustained in a motor vehicle accident as a result of the fault of another person.[23] Those bound by the limited tort election are precluded from maintaining an action for any noneconomic loss, unless the injury sustained is a "serious injury."[24] A "serious injury" is defined as "a personal injury resulting in death, serious impairment of body function,

---

[19] Noting that his disc bulges leaves him more vulnerable to disc herniations. Geoffrey Temple, Doctor of Osteopathy, Report: Nov. 10, 2013.
[20] Geoffrey Temple, Doctor of Osteopathy, Report: Nov. 10, 2013
[21] Geoffrey Temple, Doctor of Osteopathy, Report: Nov. 10, 2013
[22] Ertel v. Patriot-News Co., 554 Pa. 93, 101-02 (1996).
[23] 75 Pa.C.S.A. §1705 (d)
[24] 75 Pa.C.S.A. §1705 (d)

or permanent serious disfigurement."[25] The issue *sub judice* is whether Plaintiff sustained a serious impairment of body function as a result of the accident occurring on July 14, 2012.

In Washington v. Baxter the Pennsylvania Supreme Court addressed the issue of whether summary judgment was properly granted in a limited tort action arising out of an automobile accident.[26] In Washington Plaintiff's claimed injuries were cervical strain or sprain, cuts and contusions, and strain or sprain of the right foot.[27] Plaintiff asserted that he still felt pain every other week, but that the only aspect of his life that was changed as a result of the accident was his inability to use a push lawn mower.[28] Plaintiff's physicians asserted that there "appeared to be some type of joint arthritis or coalition in the right foot" and that he might need to utilize orthotic heel lifts.[29] Plaintiff had also received a cortisone injection in his foot.[30] In Washington the Pennsylvania Supreme Court adopted the following definition of "serious impairment of body function," stating:

> "The 'serious impairment of body function' threshold contains two inquiries:
>
> a.) What body function, if any was impaired because of the injuries sustained in a motor vehicle accident?
> b.) Was the impairment of the body function serious? The focus of these inquiries is not on the injuries themselves, but on how the injuries affected a particular body function. Generally, medical testimony will be needed to establish the existence, extent, and permanency of the impairment.... In determining whether the impairment was serious, several factors should be considered: the extend of the impairment, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factors. An impairment need not be permanent to be serious."[31]

"The question to be answered is not whether Appellant [Plaintiff] has adduced sufficient evidence to show that Appellant suffered *any* injury; rather, the question is whether Appellant

---

[25] 75 Pa.C.S.A. §1702
[26] 553 Pa. 434, 437 (1998).
[27] Id.
[28] Id. at 439
[29] Id. at 448
[30] Id. at 438
[31] Id. at 447-48, Internal citations omitted.

has shown that he has suffered a *serious* injury such that a body function has been seriously impaired."[32] The Washington Court found that reasonable minds could not differ on the conclusion that Plaintiff's injury was not serious.[33]

This Court must look not at the injuries in isolation, but the effect of the injury on a "body function."[34] In the present case Plaintiff is still able to work at his job. He is able to play soccer. He is able to lift weights at home. Plaintiff's specially retained medical expert has only indicated that additional diagnostic treatment is a possibility. There is no evidence of "serious impairment of body function."[35] For the reasons set forth above the judgment should be affirmed.

BY THE COURT,

_6/19/14_
DATE

_____
MARK I. BERNSTEIN, J.

---

[32] Id. at 449, Court's own emphasis.

[33] The Washington Court noted that the Emergency Room Doctors called the injuries mild, Plaintiff had only missed four or five shifts from his job where he was required to work on his feet, that the injury required only non-extensive treatment and that the injury had little or no impact on his performance of job functions and engagement in personal activities. Id. at 449.

[34] Id. at 447

[35] Compare with, Furman v. Shapiro, 721 A.2d 1125, 1127 (Pa. Super. 1998) (reversing summary judgment where Plaintiff's injuries prevented her from: walking more than one block at a time, working full time, and bathing her daughter); Kelly v. Ziolko, 734 A.2d 893, 899-900 (Pa. Super. 1999) (reversing summary judgment where Plaintiff's injuries prevented him from running, caused him back pain when he engaged in physical activity or sat for long periods of time); Hellings v. Bowman 744 A.2d 274, 276 (Pa. Super. 1999) (reversing summary judgment where Plaintiff's injuries prevented him from riding in his wife's car, engaging in various physical activities, and fully interacting with his children).